The STATE OF INDIANA, etc.,
Plaintiffs,

v.

CHAS. PFIZER & CO., Inc., et al.,
Defendants.

No. 68 Civ. 3157.

United States District Court,
S. D. New York.

March 11, 1970.

Lee A. Freeman, Chicago, Ill., for plaintiff State of Indiana.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant Chas. Pfizer & Co., Inc.

Donovan, Leisure, Newton & Irvine, New York City, for defendant American Cyanamid Co.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Bristol Myers Co.

Cravath, Swaine & Moore, New York City, for defendants Olin Mathieson Chemical Corp., and Squibb Beech-Nut, Inc.

Covington & Burling, Washington, D. C., for defendant The Upjohn Co.

Feeney, Treacy & Ward, Indianapolis, Ind., for Lester Cronley and Marjorie Klemm.

WYATT, District Judge.

This is a motion by Lester Cronley and Marjorie Klemm, said to be individual consumers in the State of Indiana, for an enlargement of time so that they and "the members of this class can fairly and adequately determine whether they should be excluded from the provisions of the February 6th Proposal and the Court Order dated May 26th or in which to file their respective claims".

This action was commenced in this Court by the State of Indiana on August 2, 1968. The complaint alleges violation of the federal antitrust laws by defendants in the sale of certain broad spectrum antibiotic drugs. The action was brought on behalf of the State of Indiana and for a class of all cities, counties and public hospitals within the State. By order filed April 7, 1969, on a stipulation of the parties, the complaint was amended to include claims by the State of Indiana as parens patriae and as representative of a class of individual consumers in Indiana. An amended complaint was filed on April 11, 1968.

Under date of February 6, 1969 (later modified on May 9, 1969), defendants made an offer of settlement of $100 million in satisfaction of all claims of governmental entities, wholesalers, retailers and consumers.

By order filed May 26, 1969 in this action and all other actions brought by government entities, the Court determined that each State accepting the February 6 proposal might maintain its action as a class action as representative party for statewide classes of government entities and individual consumers. Indiana is one of the States accepting the February 6 proposal.

By order filed in this action on June 16, 1969, notice pursuant to Fed.R.Civ.P. 23(c) (2) was directed to be given to all members of the class of consumers in Indiana. The notice to consumers provided that any individual consumer could elect to be excluded from the class if a request for exclusion were sent to the Clerk of this Court postmarked not later than August 1, 1969.

On July 31, 1969, a complaint with averments similar to those in the amended complaint in the Indiana action (indeed, much of the language is the same) was filed in the United States District Court for the Southern District of Indiana by movants Cronley and Klemm, said to be individual consumers of antibiotic drugs. The file number of the action in Indiana ("the Cronley action") was IP 69–C–366. The Cronley action is brought on behalf of the two named plaintiffs and also for a class of all individual consumers in the State of Indiana except those who had filed a claim or otherwise requested inclusion in the class represented by the State of Indiana in its action.

By order of the Judicial Panel on Multidistrict Litigation filed in this Court on September 12, 1969, the Cronley action was transferred to this Court, where its file number is 69 Civ. 4025. 28 U.S.C. § 1407.

The Cronley complaint avers that plaintiffs and the class they seek to represent specifically do not wish to be included in the class of consumers represented in the Indiana action. The two plaintiffs timely sent a paper (captioned in State of West Virginia v. Chas. Pfizer & Co., Inc., et al., 68 Civ. 240) to the Clerk requesting as individuals and as representatives of the class of consumers in Indiana (except those consumers filing claims pursuant to the Rule 23(c)(2) notice in the Indiana action) that they be excluded from the class of consumers established by the May 26, 1969 order.

The present motion has an erroneous caption in the State of West Virginia action, 68 Civ. 240. It is treated as made in the State of Indiana action, 68 Civ. 3157, because the State of Indiana represents the class of which movants say they are members.

The present motion was sent by mail with covering letter dated July 31, 1969. Through inadvertence in my chambers or elsewhere (but not in the Clerk's Office) the motion, which was received in my chambers before August 16, 1969, has never been filed in the Clerk's office. It will now be filed there but regardless of the date of its receipt for filing in the Clerk's office a record is hereby made that the motion was received in my chambers before August 16, 1969.

The motion was heard on January 19, 1970.

As shown above, the movants Cronley and Klemm, by request for exclusion timely sent to the Clerk, have excluded themselves from the class of individual consumers who bought antibiotics in Indiana. The defendants duly took note of such exclusion in their "Election" in respect of the settlement, filed October 20, 1969 (see Exhibit C to the Election, Schedule B, page 8).

Movants for themselves, therefore, need no enlargement of time for exclusion and since they cannot participate in the settlement (by reason of their voluntary exclusion) they need no enlargement of time for filing claims.

As for the other members of the class, movants have no authority to represent them; the class is represented by the State of Indiana.

The motion is in all respects denied.

The Clerk is directed that, regardless of caption, the motion papers, supporting and opposing, on this motion should be filed in the State of Indiana action, 68 Civ. 3157.

So ordered.