**In re Multidistrict Private Civil Treble Damage Antitrust Litigation involving MOTOR VEHICLE AIR POLLUTION CONTROL EQUIPMENT.**

**M.D.L. No. 31.**

United States District Court, C. D. California.

Sept. 4, 1970.

See also, Jud.Pan.Mult.Lit., 311 F. Supp. 1349.

No. 69–1548–R:

Kenneth P. Kimmel, Santa Monica, Cal., Dilworth, Paxson, Kalish, Levy & Coleman, Bruce W. Kauffman, Edward F. Mannino, John M. Elliott, Philadelphia, Pa., for plaintiffs.

No. 69–1855–R:

Schwartz & Alschuler, Benjamin F. Schwartz, Herbert A. Karzen, Los Angeles, Cal., for plaintiffs.

No. 69–1892–R:

William J. A. Sturtz, Long Beach, Cal., for plaintiffs.

No. 70–541–R:

Evelle J. Younger, Atty. Gen. State of California, Charles A. O'Brien, Chief Deputy Atty. Gen., Wallace Howland, Herbert Davis, David N. Rakov, Elwood Lui, Bernardine M. Baldwin, Deputy Attys. Gen., Los Angeles, Cal., for plaintiffs.

No. 70–806–R:

George F. Sieker, Atty. Gen. State of Wisconsin, George F. Sieker, William F. Eich, Asst. Attys. Gen., Madison, Wis., for plaintiffs.

No. 70–846–R:

Dilworth, Paxson, Kalish, Levy & Coleman, Bruce W. Kauffman, Edward F. Mannino, John M. Elliott, Harold E. Kohn, Philadelphia, Pa., for plaintiffs.

No. 70–853–R:

David Berger, Herbert B. Newberg, H. Laddie Montague, Jr., Howard L. Schambelan, Alan M. Lerner, Philadelphia, Pa., for plaintiffs.

No. 70–858–R:

David Berger, Herbert B. Newberg, H. Laddie Montague, Jr., Howard L. Schambelan, Alan M. Lerner, Philadelphia, Pa., for plaintiffs.

No. 70–1039–R:

Jerome H. Torshen, Jerome H. Torshen, Ltd., Chicago, Ill., for plaintiffs.

No. 70–1040–R:

James A. Maloney, Atty. Gen. State of New Mexico, Santa Fe, N. M., William C. Marchiondo, Albuquerque, N. M., Perry Goldberg, Chicago, Ill., for plaintiffs.

No. 70–1041–R:

George Kugler, Atty. Gen. State of New Jersey, Elias Abelson, Asst. Atty. Gen., Trenton, N. J., Perry Goldberg, Chicago, Ill., for plaintiffs.

No. 70–1042–R:

William J. Scott, Atty. Gen. State of Illinois, Robert S. Atkins, Asst. Atty. Gen., Chicago, Ill., for plaintiffs.

No. 70–1043–R:

Robert S. Killiam, Atty. Gen. State of Connecticut, Norris L. O'Neill, Hartford, Conn., Perry Goldberg, Chicago, Ill., for plaintiffs.

No. 70–1044–R:

Max P. Zall, City Atty. City and County of Denver, Leo T. Zuckerman, Denver, Colo., Perry Goldberg, Chicago, Ill., for plaintiffs.

No. 70–1137–R:

Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel Hirshowitz, First Asst. Atty. Gen., George C. Mantzoros, Ronald J. Bloomfield, Asst. Attys. Gen., New York City, for plaintiffs.

No. 70–1477–R:

J. Lee Rankin, Corporation Counsel City of New York, Norman Redlich, First Asst. Corporation Counsel, John R. Thompson, Eugene Margolis, Evelyn J. Junge, Asst. Corporation Counsel, New York City, Dickstein, Shapiro & Galligan, David I. Shapiro, Jerome S. Wagshal, Washington, D. C., Irell & Manella, Richard H. Borow, Los Angeles, Cal., for plaintiffs.

O'Melveny & Myers, Allyn O. Kreps, Richard C. Warmer, Los Angeles, Cal., Cross, Wrock, Miller & Vieson, Forrest A. Hainline, Jr., Walter J. Williams, Detroit, Mich., for American Motors Corporation.

Gibson, Dunn & Crutcher, Julian O. von Kalinowski, Paul G. Bower, Bruce W. Owens, Los Angeles, Cal., Wilmer, Cutler & Pickering, Lloyd N. Cutler, Howard P. Willens, Daniel Davidson, Jay F. Lapin, Washington, D. C., for Automobile Manufacturers Ass'n, Inc.

McCutchen, Black, Verleger & Shea, G. William Shea, Philip K. Verleger, Franklin H. Wilson, Jack O. Fudge, Los Angeles, Cal., for Chrysler Corporation.

Overton, Lyman & Prince, Carl J. Schuck, Ernest E. Johnson, Frederick A. Clark, Los Angeles, Cal., Mayer, Brown & Platt, Robert L. Stern, Roger W. Barrett, Chicago, Ill., for Ford Motor Co.

Lawler, Felix & Hall, Marcus Mattson, Richard F. Outcault, Jr., Charles Marvin III, William A. Plourde, Jr., Los Angeles, Cal., Kirkland, Ellis, Hodson, Chaffetz & Masters, Hammond E. Chaffetz, Joseph Ducoeur, James M. Schink, Chicago, Ill., Ross L. Malone, Robert A. Nitschke, John R. Anderson, Robert G. Culter, Detroit, Mich., for General Motors Corporation.

Pacht, Ross, Warne, Bernhard, Sears & Nutter, Harvey M. Grossman, Los Angeles, Cal., for International Harvester Co., Checker Motor Corporation, Studebaker Corporation (Studebaker Worthington Inc.).

Latham & Watkins, Alan N. Halkett, Los Angeles, Cal., for Mack Trucks, Inc. (The Signal Companies, Inc.).

Munger, Tolles, Hills & Rickershauser, Carla A. Hills, Los Angeles, Cal., Covington & Burling, John H. Schafer, Washington, D. C., for White Motor Corporation.

## MEMORANDUM ORDER (RE MOTION TO DISMISS)

REAL, District Judge.

Defendants have brought motions to dismiss 15 of the 16 complaints filed in this matter. Defendants have classified the grounds as 1. No Antitrust Injury; 2. No Parens Patriae Claims; 3. No Injunctive Relief; and 4. The Handy Complaint and they will be dealt with herein in that order.

### BACKGROUND

January 10, 1969 the United States of America filed its complaint alleging against the major defendants herein violation of Section 1 of the Sherman Act (15 U.S.C. § 1). The acts of conspiracy alleged therein are, without change, the acts alleged in the actions herein. The action by the United States resulted in a consent decree approved by Judge Jesse W. Curtis of the Central District of California in United States of America v. Automobile Manufacturers Association,

Inc. et al., 307 F.Supp. 617, No. 69–75–JWC.

The conspiracy enjoined in the consent decree includes as pertinent to the actions filed herein:

1. To prevent, restrain or limit the development, manufacture, installation, distribution or sale of air pollution control equipment for motor vehicles;

2. Adhering to agreements with reference to patents and patent rights.

After attempts to intervene in action No. 69–75–JWC met with failure, actions have been filed by plaintiffs herein variously in individual, class and parens patriae capacities.

## ANTITRUST INJURY

Title 15, United States Code, Section 1 provides in its pertinent part:

"§ 1. Trusts, etc., in restraint of trade illegal; exception of resale price agreements; penalty.

Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States * * * is declared to be illegal."

Title 15, United States Code, Section 15 provides in its pertinent part:

"§ 15. Suits by persons injured; amount of recovery.

Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue * * * and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

Defendants' thrust upon the motion to dismiss is that there is not alleged, nor can there be alleged a "commercial relationship" between plaintiffs and defendants permitting compensation for the claimed damages. For purposes of the motion to dismiss the court must assume the "injury" alleged.[1]

In terms of the development of the anti-trust laws, the concept of source of injury alleged herein is rather new. It was not until 1947, that any recognition of pollution as anything more than a seasonal and infrequent nuisance like hay fever or summer cold came to the public of the United States. It was not until 1952, that any blame was laid at the door of the automobile industry and not until 1969, that anyone recognized that allegedly something could be done about it except for the conspiracy of defendants alleged in action No. 69–75–JWC. We are now concerned with the phrase "injured in his business or property *by reason of anything* forbidden in the antitrust laws" in the light of the allegations of these complaints, rather than the traditional, legalistic approach defined by the cases cited by defendants in their motion to dismiss. Each of the plaintiffs allege injury to their respective business or property *by reason of* anti-trust violations of the defendants.

Plaintiffs may fail in their proof, but until then, they should be given the benefit of employing "any available remedy to make good the wrong done."[2]

## PARENS PATRIAE CLAIMS

The status of parens patriae cannot be used to substitute for a class action as to individual claims of the residents of political subdivision.

The question of validity of the parens patriae suit as applied to the economy of the governmental entities herein is answered in State of Georgia v. Pennsylvania Railroad Company, 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1944) and State of Hawaii v. Standard Oil Company of California, 301 F.Supp. 982 (D. Hawaii, 1969) and needs no amplification here.

---

1. Dailey v. Quality School Plan, Inc., 380 F.2d 484 (5th Cir. 1967); Knuth v. Erie-Crawford Dairy Coop. Association, 395 F.2d 420 (3d Cir. 1968).

2. Bell v. Hood, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946); J. I. Case Co. v. Borak, 377 U.S. 426, 433, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

## INJUNCTIVE RELIEF

■ The function of the judge assigned cases pursuant to Title 28, United States Code, Section 1407, is to coordinate pretrial proceedings with the view of returning cases to the transferor judge in condition to be tried expeditiously to the benefit of all parties to the litigation. Defendants' attack upon the prayer for injunctive relief in 14 of the 15 complaints to which the motion to dismiss has been addressed is, at this point in this litigation, premature.

The Court has not been advised nor can it conjure any situation in which discovery will be delayed or, more onerous, simply because of the request for additional relief by way of injunction, prohibitory or mandatory.

It may well be that a trial judge, after hearing the evidence may determine that the grant of an injunction which parallels the relief of the consent decree in action 69–75–JWC is unwarranted. But pre-judging at this stage of the litigation, that plaintiffs may not be able to present some peculiar need for further injunctive relief is not the function of this Court. The prayers for relief are within the jurisdiction of this Court given the proof of facts alleged. Whether it is necessary or desirable is for the trial judge or development of these cases to where they may be subject to disposition without trial. We have not yet reached that posture of the cases. If we ever do depends upon the parties.

## THE HANDY COMPLAINT

■ Defendants' motion to dismiss attacks Count II of the Handy complaint. Count II alleges violation of "plaintiffs' right to clean air and to a safe and healthy environment, free from the contaminants and pollutants which have resulted, and continue to result, from the operation of automotive vehicles, and the use therein of gasoline, which vehicles and gasoline were, and still are, manu-

factured, distributed and sold by defendants," all protected by the Fifth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution and Title 42, United States Code, Section 1983 and Section 1988 (Civil Rights Act).

Plaintiff Handy would have this Court establish a right to clean air and a safe and healthy environment within the penumbra of the United States Constitution and its amendments. Clearly no extensions have been made by the courts except where there has been governmental intrusion into the privacy of its citizens.

The invitation to the Court to now rule that private corporations, though drawn to gigantic proportions, are public utilities or have the functions of a government is declined. These constitutional and statutory provisions do not create or permit any cause of action for a solely private intrusion.

## ALL CASES EXCEPT STURTZ v. GENERAL MOTORS

## MEMORANDUM ORDER (RE CLASS ACTIONS)

The propriety of the maintenance of class actions or class action claims is questioned by defendants in 15 of the 16 cases pending before this Court for consolidated pre-trial proceedings.

The broadest claims of class representation are found in the *Grossman, Philadelphia, Lackawanna* and *Handy* complaints.[1] These complaints purport to represent all persons in the United States.

The *Morgan* case [2] alleges class claims by all the farmers of the United States.

Complaints of *Illinois, New Jersey, New Mexico, Connecticut* and *Wisconsin* [3] claim classes of all people within their respective states and their political subdivisions.

---

1. See Appendix A(1).

2. See Appendix A(2).

3. See Appendix A(3).

Political subdivisions, public corporations and authorities within the state are represented in the *New York* complaint.[4]

Residents are represented in the *City of New York, City and County of Denver* and *Keane* complaints.[5]

*California's* [6] representation is narrowed to "all persons who own property, real or personal, or who conduct a business within the State of California damaged as the result of air pollution caused by automobiles."

Each of the class actions are attacked by defendants on the failure to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure Rule 23 provides in its pertinent part:

"Rule 23. Class Actions.

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the exent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

Defendants primary attack on the class action status of this litigation is directed to the absence of common questions of law and fact which predominate over questions individual to the class members and the unmanageability of the classes alleged.

---

4. See Appendix A(4).

5. See Appendix A(5).

6. See Appendix A(6).

## COMMON QUESTIONS OF LAW AND FACT

Classically the visceral issues of any litigation are liability on the part of a defendant and damage on the part of a plaintiff. Certainly one can, within the framework of these basic issues, conjure a plethora of factual and legal issues which must be resolved before a decision can be reached in the trial of a case. Unlike most litigation, treble damage (private) anti-trust liability presents the determination of three issues, (1) conspiracy (monopolization, etc.), (2) impact and (3) damage.[7] Certainly the question of conspiracy is one which, as alleged herein, is common not only to the class within each separate action but also to all of the actions filed. This is an issue which should, in the interest of justice, need be litigated only once.

The intrusion of impact into the consideration of the liability aspect of these cases create a difficulty which cannot be easily answered. Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452 (E.D.Pa.1968); State of Illinois v. Harper & Row Publishers, Inc., 301 F.Supp. 484 (N.D.Ill.1969); In re Multidistrict Private Civil Treble Damage Antitrust Litigation Involving Water Meters, 304 F.Supp. 873 (Jud.Pan.Mult. Lit.1969) if they are authority for the separation of issues are clearly distinguishable. All of the cases herein allege a peculiar type of anti-trust injury, i. e., injury resulting from a pollution caused by the conspiracy to hinder and delay the research, development, manufacture and installation of effective motor vehicle air pollution control equipment. It is in effect a conspiracy to maintain a public nuisance—smog. Impact is as varied as the public itself. In Philadelphia Electric Co. v. Anaconda American Brass Co., supra, State of Illinois v. Harper & Row Publishers, Inc.,

supra, and In Re Multidistrict Private Civil Treble Damage Antitrust Litigation Involving Water Meters, supra, the courts are considering price fixing conspiracies in violation of the anti-trust laws—where "impact" and "buyer" become almost synonymous. If you qualify as a "buyer" of the commodity in question the liability—damage issues—except as to amount of damage—lend themselves to common determination.

Grossman, Philadelphia, Lackawanna, Handy, City of New York, City and County of Denver and Keane cannot be maintained as class actions.

█ Although there may be some differences in the effect of smog on various crops or the fauna and flora of a state, political subdivision, public corporation or public authority, the pleadings as they now stand do allege a class properly represented in Morgan, Illinois, New Jersey, New Mexico, Connecticut, Wisconsin, New York and California with respect to common issues of law and fact which predominate over questions affecting only individual members.

## MANAGEABILITY OF THE CLASSES

Manageability of the classes alleged herein may certainly tax the imagination and ingenuity of the litigants, counsel and the court. But until management is recognized as impossible or near impossible, the Court will depend upon the ingenuity and aid of counsel to solve the complex problems this litigation may bring. If successful, the economies of time, effort and expense will more than compensate the effort.

## REPRESENTATION OF THE CLASSES

█ The complaints of Illinois, New Mexico, California, Wisconsin, New York, Connecticut, New Jersey, Philadelphia and Lackawanna allege represen-

---

7. Haverhill Gazette Co. v. Union Leader Corp., 333 F.2d 798, 803 (1st Cir. 1964), cert. denied 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1965); Winckler & Smith Citrus Products Co. v. Sunkist Growers Inc., 346 F.2d 1012, 1041 n. 1 (9th Cir. 1965).

tation by a governmental entity of the individual residents within its jurisdiction. Putting aside the status of parens patriae for a moment, the question raised is the adherence to the principle that a plaintiff representative must be a member of the class purportedly represented.[8] It is conceivable that a governmental agency might, with reference to a particular act or series of acts, stand in the same position as an individual resident within its jurisdiction. But in the context of the acts alleged herein and any impact and/or damage resulting therefrom, a governmental agency raises issues which are peculiar only to its status as a governmental agency. It cannot, therefore, be a member of the class of citizens or residents and cannot maintain a class action on behalf of individual plaintiffs.

■ The representation of governmental agencies as a class is, of course, properly the subject of a class action. Since more than one action alleges representation of the class, determination of *the* representative governmental agency must be made. That question, or its resolution, does not at this juncture affect the proceedings herein and is left for later determination by agreement of the parties and failing that, hearing and determination by the Court.

## APPENDIX A

1. Marshall B. Grossman et al. v. Automobile Manufacturers Association, et al.     69–1855–R
   City of Philadelphia, etc. v. Automobile Manufacturers Association, Inc., et al.     70–846–R
   County of Lackawanna, Pa., et al. v. Automobile Manufacturers Association, Inc., et al.     70–858–R
   C. Jon Handy et al. v. General Motors, Inc., et al.     69–1548–R

2. Robert Morgan, etc. v. Automobile Manufacturers Association, Inc., et al.     70–853–R

3. The State of Illinois v. Automobile Manufacturers Association, Inc., et al.     70–1042–R
   State of New Jersey v. American Motors Corporation et al. 70–1041–R
   State of New Mexico v. American Motors Corporation et al. 70–1040–R
   State of Connecticut v. American Motors Corporation et al. 70–1043–R
   State of Wisconsin v. General Motors Corporation et al.     70–806–R

4. The State of New York v. Automobile Manufacturers Association, Inc., et al.     70–1137–R

5. The City of New York, etc. v. Automobile Manufacturers Association, Inc., et al.     70–1477–R
   City and County of Denver v. Amercan Motors Corporation et al.     70–1044–R
   Thomas E. Keane et al. v. General Motors Corporation et al. 70–1039–R

6. State of California et al. v. Automobile Manufacturers Association et al.     70–541–R

---

8. Rock, Drilling, Blasting, Roads, Sewers, Viaducts, Bridges, Foundations, Excavations & Concrete Work, etc., Local Union

No. 17 v. Mason & Hangar Co. (S.D. N.Y.1950) 90 F.Supp. 539.