The **STATE OF ILLINOIS**, etc., et al.

v.

**BRISTOL–MYERS COMPANY** et al., A. B. Finkel d/b/a Markus Pharmacy, et al., Appellants.

No. 71–1461.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 30, 1972.

Decided Dec. 7, 1972.

Mr. Eugene T. Sherman, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Mr. George P. Lamb, Jr., Washington, D. C., was on the brief, for appellants.

Mr. Lee A. Freeman, Jr., Chicago, Ill., for appellee, the State of Illinois.

Before McGOWAN and MacKINNON, Circuit Judges, and WYZANSKI,* Senior United States District Judge for the District of Massachusetts.

PER CURIAM:

The State of Illinois filed a complaint in federal court [1] under Section 4 of the Clayton Act, 15 U.S.C. § 15, seeking treble damages for alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. The State contended *inter alia* that defendants conspired to restrain trade in the sale of the drug ampicillin and other semisynthetic penicillins. In part the State purported to be proceeding on behalf of all political subdivisions organized under state authority, pursuant to Illinois Revised Statutes Ch. 38, § 60–7.8 (1969).[2] It also declared itself to be acting as the representative of the class of private purchasers and consumers of the drug products within the State, pursuant to Rule 23, Fed.R.Civ.P. Appellants applied for leave to intervene under Rule 24, Fed.R.Civ.P., and now appeal from the District Court's denial of that application. We affirm the order of the District Court.

Appellant Kayne, a purchaser of ampicillin by prescription in Illinois, sought to intervene in a representative capacity under Rule 23 on behalf of all consumer-purchasers of the drugs in the United States. Appellant Finkel, the retail druggist who sold the product to Kayne, sought to represent the class of all retailer-purchasers similarly situated. Their central claim is that the Illinois Attorney General is without legal power or authority to represent private persons, whether they be individual consumers, druggists, private hospitals or the like. They therefore demand intervention as a matter of right under Rule 24(a), since their interest in the State's action is not "adequately represented by existing parties." Alternatively, they seek permissive intervention under Rule 24(b) which is within the discretion of the trial judge to grant.

■■ Appellants concede that the Illinois Attorney General may properly proceed in the federal court on behalf of the governmental entities set forth in the Illinois Antitrust Act, *supra* note 2. Since, however—in their view—there is no legislative grant of authority to the Attorney General to proceed in any other representative capacity, they contend he is prevented by the limitations of that Act from representing their interests as private consumers. In this contention they misread both federal and Illinois law. Once properly in federal court on its own behalf and that of its political subdivisions, the State,[3] like any other party, may seek to proceed under Rule 23 as the class representative of drug purchasers similarly situated, including private purchasers like appellants. The certification of the State in the latter capacity depends upon wheth-

---

* Sitting by designation pursuant to Title 28 U.S.Code Section 294(d).

1. Originally filed in the Northern District of Illinois, the action was transferred here under 28 U.S.C. § 1407(a).

2. The provision cited is part of the Illinois Antitrust Act, and provides in pertinent part:

The Attorney General may bring an action on behalf of this State, counties, municipalities, townships and other political subdivisions organized under the authority of this State in Federal Court to recover damages provided for under any comparable provision of Federal law. . . .

3. The Illinois Antitrust Act authorizes "an action on behalf of this State . . . in Federal Court," and the State is a "person" which may bring suit under Section 4 of the Clayton Act. Hawaii v. Standard Oil Co., 405 U.S. 251, 261, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972).

er it satisfies the requirements of the federal Rule, irrespective of state law considerations.[4] Iowa v. Union Asphalt & Roadoils, Inc., 281 F.Supp. 391, 402 (S.D.Iowa 1968).

■ Even were Illinois law to be considered, it appears clear that there exist no such restrictions on the Attorney General's power as appellants assert. The State Supreme Court has repeatedly held that the Attorney General has common-law powers and duties wholly apart from those granted by statute, see e. g., People ex rel. Barrett v. Finnegan, 378 Ill. 387, 38 N.E.2d 715 (1941). The new Illinois constitution, effective July 1, 1971, states that the Attorney General "shall have the dutes and powers that may be prescribed by law," Ill.Const. Art. 5, § 15, S.H.A. In considering identical language in an earlier constitution, the Illinois Supreme Court held that this language of grant was not restricted to statutory law. Hunt v. Chicago House & Dummy Ry. Co., 121 Ill. 638, 13 N.E. 176, 181 (1887). Indeed, the Attorney General is required by statute "[T]o institute and prosecute all actions . . . in favor of . . . the state, which may be necessary in the execution of the duties of any state officer." Ill.Rev.Stat. Ch. 14, § 4 (1969). The State's interests comprehend those of its citizens. It cannot be asserted that the Attorney General, as the chief legal officer of the State, does not have the common-law duty to protect the public and private purse as a matter of general welfare. He does, therefore, have legal authority to sue for the State to recover damages wrought by alleged antitrust violations outside the assertedly restrictive terms of the Illinois Antitrust Act.

■ Assuming without deciding that appellants fulfill all other requirements of Rule 24(a), we find they are not entitled to intervene as a matter of right since their interests are "adequately represented" by the State. Appellants characterize their intervening petitions as presenting claims identical to those of the State with respect to the violations asserted; the State has standing to represent private consumers; and the effectiveness of the Attorney General to press the claims of absent class members is not challenged and in any event appears established. Illinois v. Harper & Row Publishers, Inc., 55 F.R.D. 221, 225–226 (N.D. Ill.1972); In Re Antibiotic Antitrust Actions, 333 F.Supp. 278, 280–281 (S.D.N.Y.1971). The State suggests the possibility that retail druggists may indeed profit from the inflated price level by passing on the violative overcharge while maintaining sales undiminished in the assertedly inelastic market of prescription drugs. To the extent this would require consideration of competing claims by consumers and retailers for damages awarded, it may result in inadequate representation of the latter's interest. Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694, 703 (1967). We leave open the question whether mandatory intervention at that possible stage of the case would be appropriate.

4. Although not challenged in this appeal, we note that the District Judge did so certify the State of Illinois approximately one month after denying appellants' application to intervene. His action, consistent with the discretion allowed the trial judge under Rule 23 and the liberal rather than restrictive interpretation to be given its terms, follows other recent certifications of States as class representatives for private consumers in federal antitrust actions, West Virginia v. Chas. Pfizer & Co., Inc., 440 F.2d 1079, 1089–1091 (2d Cir.), cert. denied, [Cotloc Drugs, Inc. v. Chas. Pfizer & Co.] 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971); In re Antibiotic Antitrust Actions, 333 F.Supp. 278, 284 (S.D.N.Y. 1971); Indiana v. Chas. Pfizer & Co., Inc., 51 F.R.D. 493, 494 (S.D.N.Y. 1970); and the recent Supreme Court suggestion of the appropriateness of such certifications, Hawaii v. Standard Oil Co., 405 U.S. 251, 266, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972). Cf. In re Motor Vehicle Air Pollution Control Equipment, 52 F.R.D. 398, 404–405 (C.D.Cal.1970); Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 309 F. Supp. 1057, 1062–1063 (E.D.Pa. 1969).

With respect to permissive intervention under Rule 24(b), we note that pending before the District Judge are nearly fifty cases transferred to him for coordinated or consolidated pretrial proceedings. We cannot say that he abused his discretion in denying appellants' application in this regard. Appellant Finkel has adequate remedy in a nationwide wholesaler-retailer class action certified by the District Court in the same order that certified the Illinois class action at issue, *supra* note 4. In the opinion accompanying that order, appellant Kayne's own national class action was disallowed in view of the "relatively minor interest" Kayne had in the form of "an alleged overcharge on a $12.00 purchase of ampicillin." These considerations, as well as the potential for delay facing the court in this complex litigation, Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., 51 F. Supp. 972 (D.Mass. 1943) (Wyzanski, J.), clearly support the decision of the District Judge in denying leave to intervene.

Affirmed.