**150**

James G. DiCOSTANZO, on behalf of him-
self and all others similarly situated,
Plaintiff,

v.

HERTZ CORPORATION et al.,
Defendants.

Civ. A. No. 73–1086–M.

United States District Court,
D. Massachusetts.

May 10, 1974.

See also, D.C., 57 F.R.D. 495.

Warren D. Mulloy, Philadelphia, Pa.,
Harold Brown, Brown & Leighton, Bos-
ton, Mass., for plaintiff.

Robert W. Meserve, Newman, Mes-
erve, King & Romero, Boston, Mass., for
Hertz Corp.

Joseph W. Bartlett, Ely, Bartlett,
Brown & Proctor, Boston, Mass., for
Avis Corp.

John J. Curtin, Jr., Bingham, Dana &
Gould, Boston, Mass., for National Car
Rental.

Arnold Manthorne, Warner & Stack-
pole, Boston, Mass., for Chrysler defend-
ants.

## MEMORANDUM.

FRANK J. MURRAY, District Judge.

Plaintiff has brought this suit as a
class action on behalf of himself and all
former and present franchisees, who
have been subjected to the same alleged
anticompetitive business practices of the
defendants.

To be maintained as a class action, the
case must meet all the requirements of
Rule 23(a) and, in addition, satisfy the
conditions of Rule 23(b). No question
has been raised by the defendants that
the requirements of Rule 23(a)(1), (2),
and (3) have been satisfied. But de-
fendants do contend that for the reasons
enumerated hereafter (a) the plaintiff

will not, as required by Rule 23(a)(4), fairly and adequately protect the interests of Chrysler Automobile dealers, the designated members of the class, and (b) because it fails to satisfy the standards of Rule 23(b), the action is not maintainable as a class action.

■ ■ 1. *The plaintiff will not adequately protect the interests of the members of the class he seeks to represent, as is required by Rule 23.* It is undisputed that when the complaint was filed plaintiff was not a Chrysler Automobile dealer. But as a former 1966–1969 Chrysler Automobile dealer he would have standing to represent Chrysler dealers seeking relief for past injuries sustained by them, Hackett v. McGuire Bros., Inc., 445 F.2d 442, 446 (3rd Cir. 1971), although as a former dealer he cannot be a member of a class seeking relief against future antitrust violations. In these circumstances the court concludes that plaintiff will not fairly and adequately represent the Chrysler dealers of the 1966–1969 period, who may still be dealers, because as a former dealer, having potentially irreconcilable

interests, he is not regarded with favor as a representative of present dealers.[1] Furthermore, in view of plaintiff's present interest as sales manager of Peter Fuller Cadillac–Olds, an automobile dealer in competition with some of the members of the proposed class, plaintiff's position, if not contradictory to and inconsistent with the interests of such members, at the very least cannot be regarded as neutral.[2] Accordingly, plaintiff does not meet the requirements of Rule 23(a)(4).[3]

■ 2. *Any common questions of law or fact will not predominate over the questions affecting only individual members, and a class action is therefore not maintainable.* The case alleged against the defendants is a conspiracy to coerce dealers to sell motor vehicles to fleet purchasers at a fixed maximum resale price,[4] and that as a consequence the competitive positions of the dealers were harmed.[5] While it is said that antitrust actions are prime examples of actions properly maintained under Rule 23(b)(3),[6] the statement must be qualified. Antitrust cases in which class ac-

1. Seligson v. Plum Tree, Inc., 61 F.R.D. 343 (E.D.Pa.1973) ; Van Allen v. Circle K Corporation, 58 F.R.D. 562 (C.D.Cal.1972) ; Free World Foreign Cars, Inc. v. Alpha Romeo, 55 F.R.D. 26, 29 (S.D.N.Y.1972) ; Gaines v. Budget Rent-A-Car Corp. of America, 1972 Trade Cases ¶ 73,860 (N. D.Ill.1972).

2. *Cf.* William Goldman Theatres, Inc. v. Paramount Film Distribution Corp., 49 F.R.D. 35, 40–41 (E.D.Pa.1969).

3. Plaintiff could represent those Chrysler dealers, if any significant number exists, who were franchisees during the period of the alleged conspiracy by defendants and are no longer franchisees, but the court will not pause to consider this possibility for the following reasons: (a) plaintiff has sought to be certified as the representative of a much larger class and (b) the holding of the court that individual questions predominate means that in any event a class action is not maintainable.

4. E. g., paragraph 19 of the plaintiff's complaint states:
   During such time period defendants and their coconspirators, acting in concert for

the purpose of furthering the aforesaid combination and conspiracy in violation of Section 1 of the Sherman Act have done among other things, the following:
(a) Fixed and stabilized the terms and conditions of sales and leases to fleet users.
(b) Fixed at arbitrarily low levels the resale price at which passenger motor vehicles manufactured by defendant manufacturers could be, were and are sold or leased by dealers to fleet users.
(c) Set prices at which the dealers must repurchase motor vehicles from fleet users.

5. E. g., paragraph 20(b) of plaintiff's complaint states:
   During the period from 1963 to and including the present the plaintiff and the other members of the class have been injured in their businesses and property by reason of the defendants' aforementioned unlawful actions in an undetermined amount.

6. Advisory Committee's Notes to Rule 23 of the Federal Rules of Civil Procedure, 39 F. R.D. 103 (1966).

tion status has been certified involved conspiracies among competitiors to fix prices of the products they sell,[7] the so-called "horizontal" conspiracies, and common questions of law or fact did predominate. On the other hand, common questions are not the predominating questions where there must be proof of coercion of individual franchisees and proof of injury to the individuals. Although in such cases conspiracy may be an important element, nevertheless, as the decided cases recognize, the questions affecting only individual members predominate.[8]

Accordingly, the court orders under Rule 23(c)(1) that the action is not to be maintained as a class action.

7. *See, e. g.,* City and County of Denver v. American Oil Company, 53 F.R.D. 620 (D.C.Colo.1971); City of Philadelphia v. American Oil Company, 53 F.R.D. 45 (D.C.N.J. 1971); In Re Motor Vehicle Air Pollution Control Equipment, 52 F.R.D. 398 (C.D. Cal.1970); State of Minnesota v. United States Steel Corp., 44 F.R.D. 559 (D.Minn. 1968); Philadelphia Electric Company v. Anaconda American Brass Co., 43 F.R.D. 452 (E.D.Pa.1968).

8. *See, e. g.,* Chicken Delight, Inc. v. Harris, 412 F.2d 830 (9th Cir. 1969); National Auto Brokers Corp. v. G. M. Corp., 60 F.R. D. 476 (S.D.N.Y.1973); Bogosian v. Gulf Oil Corp., 62 F.R.D. 124 (E.D.Pa.1973); Shaw v. Mobil Oil Corp., 60 F.R.D. 566 (D.N.H.1973); Abercrombie v. Lum's Inc., 345 F.Supp. 387, 391 (S.D.Fla.1972); DiCostanzo v. Chrysler Corp., 57 F.R.D. 495 (E.D.Pa.1972).