PEOPLE OF the STATE OF ILLINOIS
ex rel. John J. BOWMAN, State's Attorney for DuPage County, Plaintiff-Appellant,

v.

HOME FEDERAL SAVINGS AND LOAN ASSOCIATION and Reserve Savings and Loan Association, Defendants-Appellees.

No. 75–1012.

United States Court of Appeals,
Seventh Circuit.

Argued April 22, 1975.

Decided Aug. 19, 1975.

James F. Campion, Asst. State's Atty., County of DuPage, Wheaton, Ill., for plaintiff-appellant.

Leon E. Lindenbaum, Robert L. Caplan, Harold Louis Miller, Chicago, Ill., for defendants-appellees.

Before SWYGERT and PELL, Circuit Judges, and GRANT,* Senior District Judge.

PELL, Circuit Judge.

The plaintiff John Bowman, State's Attorney for DuPage County, Illinois, originally brought this class action in the Illinois Circuit Court in DuPage County. The complaint named as defendants Home Federal Savings and Loan Association (Home Federal), a federally chartered savings and loan association, and Reserve Savings and Loan Association (Reserve), a state chartered savings and loan association.

Bowman charged in his complaint that the defendant associations refused to grant home mortgage loans to qualified Illinois applicants and have instead invested "substantial" assets in other loans and investments. In so doing, Home Federal allegedly violated 12 U.S.C. § 1464(a), and Reserve violated Ill.Rev. Stat. ch. 32, § 702. Bowman alleged in his complaint, that he was suing as a representative of the people of Illinois

"and those citizens who desire to apply for home mortgage loans who are otherwise qualified for said loans and citizens who have attempted to apply for said loans and were refused." The plaintiff sought an injunction ordering the defendants to make available and lend a "reasonable percentage" of their assets to qualified applicants for home mortgage loans.

Home Federal, pursuant to 28 U.S.C. § 1441(c), removed the entire case to the United States District Court for the Northern District of Illinois and that court denied the plaintiff's motion to remand. The district court subsequently granted the defendants' motions to dismiss the complaint. On appeal, the plaintiff argues that: (1) the district court lacked original jurisdiction over the Home Federal claim and, therefore, the action should not have been removed from state court; (2) the Reserve claim should, in any case, have been remanded to state court; and (3) the district court erred in dismissing the complaint.

I

Under 28 U.S.C. § 1441(a), a civil action brought in a state court may be removed to a federal district court if the district court has original jurisdiction over the action.[1] In its petition for removal, Home Federal alleged that the district court had original jurisdiction, under 28 U.S.C. § 1331(a), as to the claim filed against it. The district court, finding it had original jurisdiction with respect to the Home Federal claim under both 28 U.S.C. § 1331(a) and § 1337, held that the Home Federal claim was removable.

The plaintiff contends that the amount in controversy in the Home Federal claim does not exceed $10,000 and

---

* Senior District Judge Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

1. 28 U.S.C. § 1441(a) provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

that, therefore, the district court did not have jurisdiction under § 1331(a).[2] We find it unnecessary to determine whether the jurisdictional amount required by § 1331 was established because we are convinced that the district court had jurisdiction over the Home Federal claim under § 1337.

28 U.S.C. § 1337, which does not require a minimum amount in controversy, provides for jurisdiction in any civil action "arising under any Act of Congress regulating commerce."[3] In the present case, the plaintiff's claim against Home Federal was based on the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 et seq. That act, as this court has recently held, is an act of Congress regulating commerce, and jurisdiction may, therefore, be founded upon § 1337. Goldman v. First Federal Savings & Loan Ass'n, 518 F.2d 1247 (7th Cir. 1975), slip op. at 4 n. 6. Accord, Milberg v. Lawrence Cedarhurst Federal Savings & Loan Ass'n, 496 F.2d 523 (2d Cir. 1974); Murphy v. Colonial Federal Savings & Loan Ass'n, 388 F.2d 609, 614–15 (2d Cir. 1967).[4]

The plaintiff's reliance on First Federal Savings & Loan Ass'n v. Loomis, 97 F.2d 831 (7th Cir. 1938), is inapposite. In Loomis, faced with the question of the constitutionality of the Home Owners' Loan Act of 1933, this court held that the statute was a valid exercise of Congressional power under the general welfare clause of the Constitution. The issue of whether the statute was also an act "regulating commerce" for the purpose of § 1337 jurisdiction was not before this court in that case. As Judge Friendly noted in Murphy, supra :

"It is true that federal regulation of finance is not grounded in the commerce power alone. . . . But to found jurisdiction upon § 1337, it is not requisite that the commerce clause be the exclusive source of Federal power; it suffices that it be a significant one." 388 F.2d at 615.

Since the district court had original jurisdiction under § 1337 with respect to the Home Federal claim, that claim was properly removable to the district court.

## II

The district court found that the removable Home Federal claim was separate and independent from the non-removable Reserve claim. The court, therefore, permitted the entire case to be removed, pursuant to 28 U.S.C. § 1441(c).[5] Although the plaintiff does not challenge the district court's finding that the two claims were separate and independent, the plaintiff argues on appeal that the district court, nonetheless, erred in failing to remand the Reserve claim to the state court.

We note initially that the plaintiff did not make a motion in the district court to remand the Reserve claim. Rather, the plaintiff's motion to remand

---

2. 28 U.S.C. § 1331(a) provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

3. 28 U.S.C. § 1337 provides:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

4. The National Banking Act, 12 U.S.C. § 1 et seq., has similarly been held to be an act regu-

lating commerce for the purpose of § 1337 jurisdiction. Burns v. American Nat. Bank & Trust Co., 479 F.2d 26 (8th Cir. 1973); Partain v. First Nat. Bank, 467 F.2d 167, 171–72 (5th Cir. 1972); Cupo v. Community Nat. Bank & Trust Co., 438 F.2d 108 (2d Cir. 1971).

5. 28 U.S.C. § 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

was concerned solely with the removal of the Home Federal claim. In 'this situation, the plaintiff is deemed to have waived his objections to the removal of the Reserve claim. See 1A J. Moore, Federal Practice ¶ 0.157[11], 0.168[4.–1] (2d ed. 1974).

■ Moreover, where an entire action is removable pursuant to § 1441(c), the retention or remand of any claims not within the district court's original jurisdiction rests in the sound discretion of the district court. See Moore, *supra*, at ¶ 0.163[4.–9]. In the present case, even assuming *arguendo* that the plaintiff did not waive his objection with respect to the Reserve claim, we find no abuse of discretion in the district court's retention of that claim. The Reserve and Home Federal claims presented a number of common issues, including the standing of the plaintiff Bowman to represent the class and the need for the plaintiff to exhaust administrative remedies. Under these circumstances, the district court could properly retain the Reserve claim.

### III

The district court dismissed the complaint as to both defendants on three grounds: (1) Bowman lacked standing to represent the purported class under Rule 23, Fed.R.Civ.P.; (2) the plaintiff should first have exhausted his administrative remedies; and (3) Home Federal and Reserve are not required by the statutes involved to invest their assets only in home mortgage loans. Since we find the first of these grounds sufficient to support the dismissal of the complaint, we need not discuss the other two.

■ After a civil action has been removed from a state court to a federal district court, the action is governed by the Federal Rules of Civil Procedure. See Rule 81(c), Fed.R.Civ.P.[6] Accordingly, in order to sue as a representative of the class, the plaintiff here must fulfill the prerequisites outlined in Rule 23, Fed.R.Civ.P.

■ Rule 23(a) provides, *inter alia*, that "one or more *members* of a class may sue or be sued as representative parties" on behalf of the class. (Emphasis added.) It is, thus, fundamental that, under Rule 23, in order to sue on behalf of a class, the plaintiff-representative must be a member of the class. "They cannot represent a class of whom they are not a part." *Bailey v. Patterson*, 369 U.S. 31, 32–33, 82 S.Ct. 549, 550, 7 L.Ed.2d 512 (1962). See also *White v. Sullivan*, 474 F.2d 16, 17 (5th Cir. 1973); *Long v. District of Columbia*, 152 U.S. App.D.C. 187, 469 F.2d 927, 930 (D.C.Cir. 1972).

In the present case, the State's Attorney purports to sue as a representative of Illinois citizens who seek home mortgage loans. Yet the State's Attorney did not allege in his complaint that either he or the state of Illinois seeks such a loan. A state, like any plaintiff-representative, may maintain a class action on behalf of its citizens only if it satisfies the requirements of Rule 23. *State of Illinois v. Bristol-Myers Co.*, 152 U.S. App.D.C. 367, 470 F.2d 1276 (D.C. Cir. 1972); *In re Motor Vehicle Air Pollution Control Equipment*, 52 F.R.D. 398, 404–05 (C.D.Calif.1970). Since the State's Attorney is not a member of the class which he purports to represent, the district court properly dismissed the complaint.

Affirmed.

---

**6.** Rule 81(c) provides, *inter alia*:

"These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."