Robert **ANDERSON** et al., Plaintiffs,

Charles Worthington and Kathleen Worthington, Intervening Plaintiffs,

v.

**HOME STYLE STORES, INC.** et al.

Civ. A. No. 71-201.

United States District Court,
E. D. Pennsylvania.

Dec. 21, 1972.

Michael H. Malin, White & Williams, Philadelphia, Pa., for plaintiffs and intervening plaintiffs.

George P. O'Connell, Barbin & Lauffer, Rockledge, Pa., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

There is presently before the Court four motions in the above captioned case. They are: Plaintiffs' Motion for Summary Judgment of liability in accordance with Federal Rule of Civil Procedure 56, Defendants' Motion to Dismiss against Plaintiffs, Anderson and Lang, for wilful and deliberate failure to proceed with discovery under Federal Rule of Civil Procedure 37(d) or alternatively for appropriate sanctions thereunder, Defendants' Motion to Dismiss against the Worthingtons, Intervening Plaintiffs, for wilful and deliberate failure to proceed with discovery under Federal Rule of Civil Procedure 37(d) or alternatively for approriate sanctions thereunder, and Plaintiffs' Motion for Determination of Class under Federal Rule of Civil Procedure 23(a)(2), (3) and (4). The Court will deal with these motions in reverse order.

I. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF LIABILITY IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 56.

This is an action brought as a class action on behalf of two plaintiff-franchisees and one intervenor-franchisee, alleging violation of Sections 1 and 2 of the Sherman Act, and Sections 3 and 16 of the Clayton Act (15 U.S.C. § 1, and 15 U.S.C. § 26). The Plaintiffs' Complaint alleges that Plaintiff, Robert Anderson, Joseph Lang, and Carol S. Lang, are delicatessen owners and purported franchisees of Defendant, Home Style Stores, Inc. since 1965 and 1967 respectively. The Plaintiffs allege, and the Defendants admit (in paragraph 6 of Defendants' Answer to Amended Complaint) that Plaintiffs entered into a "sales franchise agreement" with the Defendant, Home Style Stores, Inc. The sales and franchise agreements condition the grant of the franchise upon the purchase of total requirements from the Defendant, Home Style Stores, Inc.

The Plaintiffs have filed Requests for Admissions with respect to the "sales and franchise agreement" and same have been admitted by the Defendants. The aforementioned agreements or contracts provide as follows:

1(a). Retailer may operate as an approved Home Style, Cold Cuts, Picnic, Party and Patio Store at South Broad Street Shopping Center, Lansdale, Pennsylvania, Store No. 18, subject to the terms and conditions of this agreement. (Anderson)

Retailer may operate as an approved Home Style, Cold Cuts, Picnic, Party and Patio Store at Store 17, Route 202 Township Line Road, Whitpain Township, Norristown, Pa., subject to the terms and conditions of this agreement. (Joseph Lang and Carol S. Lang)

Paragraph 2 of the above mentioned contracts provides as follows:

2. *Purchase of total requirement.*
(a). Company agrees to sell and retailer agrees to purchase during the term of this agreement, all of the food, materials, supplies and other products which retailer requires in the operation of the Home Style Cold Cuts Store at (again describing store location).

The Defendants entered into identical agreements with Carmen and Concetta Carosella at 20 W. Durham Street, Philadelphia, Pennsylvania; John and Elizabeth Forest, 556 Neshaminy Street, Penndel, Pennsylvania; Lynn D. and Gerald J. Jaffe, 107 E. 6th Street, Lansdale, Pennsylvania; Joseph A. Price and Mary K. Price, 9 Forrester Drive, Hamilton Square, New Jersey; Joseph and Edith Campanelli, 155 Fieldcrest Avenue, Morrisville, Pennsylvania. All of the above mentioned agreements have been entered of record in this case, and they have been produced and admitted by the Defendants.

The Plaintiffs allege that the reason why such agreements were entered into by the franchisor was for the purpose of having a captive market into which he could sell goods at a higher price than the price at which the goods would otherwise be available to the respective franchisee-buyers. Plaintiffs assert that such agreements constitute a per se violation of the anti-trust laws in that such agreements are total requirement contracts and cannot be tied to the grant of a franchise. Siegel v. Chicken Delight, Inc., 448 F.2d 43 (9th Cir. 1971) cert. denied, 405 U.S. 955, 92 S.Ct. 1172, 31 L.Ed.2d 232 (1972).

Purchases at certain indicated prices were made from the Defendant, Home Style Provisions, Inc. by each of the captioned Plaintiffs in this case. The Plaintiffs allege that Home Style Provisions, Inc. is not a corporation, even though it is advertised as such, but merely a fictitious name under which Walter Copeland and Albert Girlamo operate. The Plaintiffs further allege that the fictitious name is not even registered under the Fictitious Name Act. Corporate Fictitious Names Act, 54 P.S. § 81 et seq. The defendants have not taken umbrage with this statement in their Reply Brief, and the Court will deem the allegation admitted for the purpose of imposing liability upon Defendants, Copeland and Girlamo, as a matter of law, if any liability is imposed, since an unregistered fictitious name of an unincorporated corporation is the creature of the individual operators.

The Defendant, Walter Copeland, has testified that he has made credit agreements and has guaranteed the loans for the purchase of the stores for all three of the captioned plaintiffs as a precondition for entering into the requirements contracts, none of the plaintiffs having the individual capital to go into business without the guarantees given by Copeland. The Defendants have further admitted contacting certain suppliers in order to induce them not to deal with the franchisees. The Plaintiffs have averred that this loan constitutes conclusive evidence of an illegal arrangement and an attempt to exclude competitors.

The income tax return for Home Style Provisions, Inc. indicates an annual gross in excess of $300,000.00, and Plaintiffs allege that this is not an insubstantial amount. Plaintiffs further allege that the Defendants' economic power is evidenced by the fact that the Plaintiffs did enter into the total requirements contracts with the Defendants. Further allegation of Defendants' economic power is the assertion that the Plaintiffs were forced to deal with milk suppliers and other suppliers, including vending machine operators who, in turn, would kickback or give "commissions" to the Defendants. At present, this allegation is unsupported by the record, and the Court is unable to take any recognition of this allegation as an element that would bolster the argument with reference to the Defendants' economic power.

The Plaintiffs have alleged that the instant case is virtually on all fours with Siegel v. Chicken Delight, Inc., supra. The *Chicken Delight* case was an anti-trust class action in which the franchisees of the Defendant sought treble damages for injuries allegedly resulting from illegal restraints imposed by the Defendant's standard form franchise agreements which required the fran-

chisees to purchase certain essential cooking equipment, dry-mix food items and trade-mark bearing packaging exclusively from the Defendant as a condition for obtaining the Defendant's trade-mark and license to operate a home delivery and pick-up food store. In that case, the franchisees alleged that the franchise agreement requiring the purchase of certain items, i. e. cooking equipment, dry-mix food items, and trade-mark embossed packaging as a condition for using the Chicken Delight trade-mark, constituted an unlawful tying arrangement under Section 1 of the Sherman Act, 15 U.S.C. § 1. The Court of Appeals for the 9th Circuit, held that the trade-mark was a tying product, and that the tied product arrangement was a per se violation of the anti-trust laws.

Here, as in *Chicken Delight,* the price at which Home Style Provisions, Inc. sold comparable products available from competitor suppliers, was higher than the price at which Plaintiffs could have purchased the products in the competitive market. This is an unsupported allegation by Plaintiffs, since the Court does not have before it any affidavits as to pricing by Home Style Provisions, Inc. vis-à-vis the competitive market. However, Plaintiffs' present motion is one for Summary Judgment on liability only, and therefore, affidavits as to competitive market price are not necessary to the disposition of this motion.

■ In order to establish an unlawful tying arrangement, the Plaintiffs must show that there existed

(1) a tying product, and

(2) a tied product or products.

It has been held that the franchise agreement and/or trade-mark may be a tying product. The reading of the above mentioned agreements is rather conclusive. The agreements tie the use of the Home Style mark to the requirements contracts. There is no genuine issue of material fact at dispute on this point. However, the tying product must possess sufficient economic power to apprecia-

bly restrain competition in the tying product market. The Plaintiffs allege that the ability to enter into such a contract, i. e. the ability to induce someone to enter into a contract, is sufficient indication of power, economic power, to appreciably restrain competition. The Plaintiffs have not cited any authority for that proposition, and indeed the case of *Chicken Delight* stands for the proposition that where a trade-mark of a licensor of several hundred franchisees who was operating a home delivery and pick-up food store with a distinctive trade-mark that possessed good will and public acceptance unique to it and not enjoyed by other fast food chains, the tying product, i. e. the license to use the trade-mark, did possess sufficient market power to bring the cause of action within the Sherman Act. Here, however, there is no showing that the Home Style mark was distinctive or possessed the requisite good will and public acceptance, unique unto it, in order to possess sufficient economic power to appreciably restrain competition in the tying product market.

■ As to the issue of the substantial amount or insubstantial amount of interstate commerce effected, the Court is convinced that as little as $60,800.00 is not an insubstantial amount. United States v. Loew's, Inc., 371 U.S. 38, 83 S.Ct. 97, 9 L.Ed.2d 11 (1962). The Defendants in this case have admitted to grossing $300,000.00 per annum, and that each Plaintiff purchased more than $65,000.00 worth of goods from the Defendants.

■ The hallmark of a tie-in is its denial to competitors of the tied product market. In this case, the Defendants have admitted that they actively requested and threatened other suppliers such as Hatfield Meat Products and Lehigh Valley Dairies with legal action if they dealt with the Plaintiffs. The Plaintiffs have attached correspondence from the Defendants' counsel to the above mentioned meat producer and dairy advising them that the Defendants have "a cer-

tain sales and franchise agreement with Home Style Stores, Inc., which require those stores (Plaintiffs) to purchase all of their meat products and certain other products from or through Home Style Stores, Inc." The letters go on to "demand that you forthwith discontinue the sale of any products to stores trading under the trade name of 'Home Style'." Such activities constitute a per se violation of the anti-trust laws. Northern Pacific Railroad Co. v. United States, 356 U.S. 1, 76 S.Ct. 514, 2 L.Ed.2d 545 (1958); Times-Picayune Publishing Co. v. United States, 345 U.S. 594, 73 S.Ct. 872, 97 L.Ed. 1277 (1953); Standard Oil v. United States, 337 U.S. 293, 306, 69 S.Ct. 1051, 93 L.Ed. 1371 (1949). Moreover, the above mentioned credit arrangements have been held to be a violation of the anti-trust laws. Fortner Enterprises v. United States Steel, 394 U.S. 495, 89 S.Ct. 1252, 22 L.Ed.2d 495 (1969).

■ Defendants have claimed that Home Style Provisions, Inc. does not exist even though all sales to the Plaintiffs were conducted through it. See Plaintiffs' Request for Admissions of all Defendants in accordance with Federal Rule of Civil Procedure 36—Set No. 4. The Defendant, Walter Copeland, has admitted that Home Style Provisions was not registered as a corporate entity and that it was not registered under the Corporate Fictitious Names Act, 54 P.S. 81 et seq. Persons acting under a corporate name where the entity is unincorporated are individually liable. 18 Am.Jur.Corporation § 79 et seq. and Annotations 115 A.L.R. 659. Here the defendants deny the existence of Home Style Provisions, Inc. even though they admittedly did business under that name with Plaintiffs.

The Plaintiffs would like the Court to rule as a matter of law:

(1) that the contractual requirements herein constituted a tying arrangement as a matter of law;

(2) that the alleged tying product, i. e. the Home Style mark, possessed sufficient economic power to condemn the tying arrangement with sufficient economic power to appreciably restrain competition in the tied market;

(3) that the tying arrangement had not, as a matter of law, been justified; and

(4) that as a matter of law, Plaintiffs have been injured by the arrangement.

■ The Court is able to rule as a matter of law, on this Motion for Summary Judgment, only as to the first proposition. The Court does not believe that the Plaintiffs have demonstrated that the tying product possesses sufficient economic power appreciably to restrain competition in the tied market. Moreover, the Court believes that the tied market has not been identified. Therefore, Plaintiffs' Motion for Summary Judgment of liability in accordance with Federal Rule of Civil Procedure 56 must be Denied.

## II. DEFENDANTS' MOTION TO DISMISS AGAINST THE WORTHINGTONS, INTERVENING PLAINTIFFS, FOR WILFUL AND DELIBERATE FAILURE TO PROCEED WITH DISCOVERY UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(d) OR ALTERNATIVELY FOR APPROPRIATE SANCTIONS THEREUNDER.

■ The Court believes a more appropriate method of discovery would have been a "Motion to Compel Answers to Interrogatories" under Federal Rule of Civil Procedure 37(d). Therefore, the Court will deny Defendants' Motion to Dismiss against the Worthingtons, intervening plaintiffs, for wilful and deliberate failure to proceed with discovery under Federal Rule of Civil Procedure 37(d) or alternatively for appropriate sanctions thereunder. The Court's review of the pleadings indicates that

there are presently no outstanding interrogatories with reference to Charles and Kathleen Worthington.

### III. DEFENDANTS' MOTION TO DISMISS AGAINST PLAINTIFFS, ANDERSON AND LANG, FOR WILFUL AND DELIBERATE FAILURE TO PROCEED WITH DISCOVERY UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(d) OR ALTERNATIVELY FOR APPROPRIATE SANCTIONS THEREUNDER.

For the same reasons as stated above, the Court will deny the Defendants' Motion to Dismiss as to Plaintiffs, Anderson and Lang, since we believe a more appropriate method of discovery would have been a Motion to Compel Answers to Interrogatories. The Court would once again point out that our review of the pleadings indicates that there are no outstanding Interrogatories with reference to the Andersons or the Langs.

### IV. PLAINTIFFS' MOTION FOR DETERMINATION OF CLASS UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(a)(2), (3) and (4).

The Plaintiffs have alleged that this action is valid as a class action under Rule 23(a)(2), (3) and (4) of the Federal Rules of Civil Procedure. The Plaintiffs aver that there are approximately 18 members of the class and that the class includes other individuals who are purported franchisees of the Defendants, Home Style Stores, Inc. and Home Style Provisions, Inc., who have entered into requirements contracts with the Defendants. Plaintiffs further allege that they are adequate members of the class inasmuch as they are franchisees making purchases from the Defendants at the same price and of the same goods as the Plaintiffs and other members of the class under similar contracts, all of which goods they were prevented from purchasing in free and open competition. Furthermore, Plaintiffs aver that there are fact questions common to the class including the prices and terms and conditions of sale to the franchisees and the effect on competition in the products which the Defendants' activities prevented from being bought in free and open competition.

To maintain a class action, a suit must meet all the requirements set forth in Federal Rule of Civil Procedure 23(a). Eisen v. Carlisle and Jaquelin, 391 F.2d 555 (2d Cir., 1968); Giordani v. Hoffmann, 295 F.Supp. 463 (E.D.Pa., 1969); Broughton v. Brewer, 298 F.Supp. 260 (D.C.Ala., 1969). Plaintiffs have omitted entirely any allegation or facts requisite under 23(a)(1) that the present class is so numerous that joinder of all members is impracticable. A class action may be maintained only if the class is so numerous that joinder of all members is impracticable. In the present case, there are 15 other potential class members, all geographically within the Delaware Valley area. In Demarco v. Edens, 390 F.2d 836 (2d Cir., 1968), a class action brought by stockholders against certain principal stockholders, it was held that a class action was not maintainable where the only evidence produced established that there were 16 potential members in the class. The Court reasoned that Plaintiffs therein failed to show that the members of the alleged class were so numerous as to make it impracticable to bring each of them before the Court. Likewise, in Phillips v. Sherman, 197 F.Supp. 866 (D.C.N.Y., 1961) in a class action, with a potential class of 29 members, it was determined that such a class was not a group too numerous to handle as individual parties.

█ This Court is in agreement with the *Demarco* and *Phillips* rationale. We believe 18 franchisees are not too numerous a group to bring each of them on the record and before this Court in-

dividually. Therefore, Plaintiffs' Motion for Determination of the Class under Federal Rule of Civil Procedure 23(a) (2), (3) and (4) will be denied.