Jerome **SELIGSON**, and **Dorothy** Seligson, h/w

v.

The **PLUM TREE, INC.**, et al.,

Civ. A. No. 71–1998.

United States District Court, E. D. Pennsylvania.

Nov. 20, 1973.

Perry S. Bechtle, Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiffs.

Martin Howard Katz, Michael J. Ambrose, Bridgeport, Pa., for defendants.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

This action is brought by Jerome and Dorothy Seligson, former owners of a franchise, against The Plum Tree, Inc., their former franchisor, alleging violations of § 1 of the Sherman Act, 15 U. S.C. § 1, as well as pendent claims based on fraudulent misrepresentation and breach of warranties. The defendants have moved to strike plaintiffs' class action allegations and also have moved under Rule 9(b) to dismiss Count V for failure to state with particularity the grounds on which plaintiffs base their claim of fraudulent misrepresentation. In addition, plaintiffs have moved for reconsideration, or, in the alternative, certification under 28 U.S.C. § 1292(b) of our order of July 19, 1973 granting summary judgment for defendants on Count II and dismissing Counts III and IV of plaintiffs' Second Amended Complaint. Seligson v. The Plum Tree, Inc., 361 F.Supp. 748 (E.D.Pa., 1973). Since only the motion to strike plaintiffs' class action allegations requires extensive comment, we shall treat it first.

*Class Action Determination*

On June 30, 1972, we conditionally granted plaintiffs' motion for a class action determination pursuant to F.R.Civ.P. 23(c)(1). According to plaintiffs' Second Amended Complaint, the class would consist of all "present and former Plum Tree franchisees who have purchased Plum Tree franchises in the United States." Our determination was made explicitly conditional,[1] rather than permanent because at that time we were not convinced that this action was appropriate

---

1. A class action determination is never irrevocable.:

"The mere fact that a court initially decides that an antitrust case should proceed

for class action treatment. However we allowed it to proceed conditionally since we lacked sufficient bases on which to make a final determination.

We specifically forbade notification to the class, as well as communication with other potential class members regarding this action, in order to protect against reliance by such potential class members before we made a final decision on class action status. For the reasons given below, we are now convinced that this action is inappropriate for class action treatment.

At the time the conditional determination was made, we had not yet explored the sufficiency of the allegations in plaintiffs' complaint. Since that time, plaintiffs' first Amended Complaint was dismissed with leave to amend for failure to allege that defendants' conduct affected interstate commerce. Seligson v. The Plum Tree, Inc., 350 F.Supp. 440, 441 (E.D.Pa., 1972). Plaintiffs then filed a Second Amended Complaint which we held cured the interstate commerce deficiency. However, we granted summary judgment to defendants on Count II which alleged that plaintiffs were required "to purchase all of their merchandise and supplies from defendants" since we found no genuine material issue of fact and that as a matter of law plaintiffs could not recover. We also dismissed Count III for failure to allege a price-fixing conspiracy and Count IV which could not stand after Counts II and III had been dismissed. Therefore, the only remaining counts are Count I, an alleged tie-in in the purchase of furnishings, decor, supplies and original inventory, and Counts V and VI, alleging fraudulent misrepresentations and breach of warranties.

■■ In order for a class action to be appropriate, common questions of law and fact must predominate. The more a trial will involve individual proof for each plaintiff's allegations, the less appropriate it becomes for class action treatment. Although the proof required for Count I, the alleged tie-in, might be similar for all members of the class, certainly proof as to oral misrepresentations and breach of warranties will require individual proof. Additionally, as to the alleged misrepresentations in newspaper advertisements and other informational material, different franchisees may have read and/or relied on different statements. Therefore we now hold that because individual questions of proof are likely to predominate over common questions, this action is inappropriate for class action treatment.

We find further support for our decision to dissolve the class from the relevant cases we have examined since our conditional determination was made. We have found only one recent case, McMacken v. Schwinn Bicycle Co., 1972 Trade Cas. ¶ 74,220 (N.D.Ill., 1972), which has allowed an action brought by a franchisee to be maintained as a class action.

■ Other decisions involving franchisees have stressed some or all of various reasons to disallow the class action. Some have asserted, as we have, that common questions are unlikely to predominate. E. g., DiConstanzo v. Chrysler Corp., 57 F.R.D. 495, 499 (E.D.Pa., 1972). Some have shown serious concern with the possible conflicting interests of former and present franchisees, and fear that a former franchisee cannot adequately protect the interests of those franchisees still maintaining a business relationship with the franchisor. E. g., Gaines v. Budget Rent-a-Car Corp. of America, 1972 Trade Cas. ¶ 73,860 (E.D.Ill., 1972). Others have

---

as a class action does not mean that such decision is irrevocable; at later stages of the case, any attorney who desires to do so will generally have ample opportunity to request that the court exercise its power, under Rule 23(c) and Rule 23(d) of the Federal Rules of Civil Procedure, either to divide the class into subclasses or to make other orders eliminating some or all of the class aspects from the case." 6 A.L.R.Fed. 19, 28 (1971).

felt that the class action was unnecessary and therefore inappropriate where the limited number of franchisees could be accommodated by joinder or intervention. *E. g.*, Anderson v. Home Style Stores, Inc., 58 F.R.D. 125, 130 (E.D.Pa., 1972). And when the damages alleged by the named plaintiff are substantial so that his action can easily proceed without the support of an entire class, there is, in light of these other factors mentioned, no need to preserve the class. *E. g.*, Abercrombie v. Lum's Inc., 345 F. Supp. 387, 394 (S.D.Fla., 1972) (reversing an initial determination by a transferor court allowing the case to proceed as a class action).

Van Allen v. Circle K Corporation, 58 F.R.D. 562 (C.D.Cal., 1972) was an action brought by franchisee-grocery businesses against their franchisor. Three plaintiffs each purported to represent a potential subclass, one involving all terminated franchisees, the second a class to whom the franchisor had given notice of termination, and the third, present franchisees. The court found that class action treatment was inappropriate for several reasons. The court believed that since there were only 149 potential plaintiffs, "such number would not create an unmanageable piece of litigation." 58 F.R.D. at 564. Further, each plaintiff would have to present individual proof of damages, if any; "—in other words each plaintiff would have a different law suit after all." *Id.* at 564. And the court was especially concerned, as we are, with possible conflicting interests between present and former franchisees, regardless of the possibility of subclasses. "Those members of the suggested class who are at present independent operators would seem to be interested in carrying on their operation with a strong defendant able to perform his obligations and able to create a favorable public attitude toward the name Circle K. Those members of the suggested class of former independent operators would be indifferent to anything other than financial recovery to the full-

est extent from defendant if they were interested in litigating against defendant." *Id.* at 564.

■ We find the reasoning in Van Allen to be applicable to this case. There were at most 149 potential plaintiffs in Van Allen; there are apparently at most about 60 in this action. Individual proof on damages would also be necessary and time-consuming here. But most persuasive is the problem of former franchisees adequately representing the interests of present franchisees.

■ This is an appropriate time to dissolve the class action determination. Since no notice was originally sent to prospective members, no one could have justifiably relied on our conditional class action · determination. Therefore we need not send notice of this dissolution of the class.

Plaintiffs' outstanding motion for a protective order from discovery of absentee class members will now be denied as moot.

*Motion to Dismiss Fraud Allegations of Count V*

In our Opinion and Order of July 19, 1973, we ordered plaintiffs to file a more definite statement pursuant to F. R.Civ.P. 9(b), "specifying the time, place and circumstances of each of the alleged fraudulent misrepresentations." Plaintiffs then filed a statement averring that the alleged representations, warranties and promises were made to them through *Baltimore Sun* newspaper advertisements read in September or October 1969; pro forma financial statements and other informational material which defendants' agents gave to plaintiffs between September and November 25, 1969; oral statements made by specifically named agents of defendants, also between late September and November 25, 1969; as well as the form franchise agreement signed by plaintiffs on or about November 25, 1969. Plaintiffs further allege that no exact dates or places can be ascertained until the completion of discovery. Defendants have

moved to dismiss Count V for failure to comply with Rule 9(b) or our order of July 19, 1973.

▮ Rule 9(b) does not require, nor does this court intend, that plaintiffs be barred from bringing an action based on fraudulent misrepresentation. Nor do we require plaintiffs to perform the impossible. They have alleged fraud with as much specificity as they are able to without further discovery. Plaintiffs have now pleaded with sufficient particularity to apprise defendants of the alleged fraudulent misrepresentations, as well as how they were conveyed to plaintiffs and during what time period. Further particularities may be explored by both sides during discovery. Rule 9(b), understood in the context of the liberal federal rules of pleading, requires no more. United Insurance Company of America v. B. W. Rudy, Inc., 42 F.R.D. 398, 403 (E.D.Pa., 1967). We therefore deny defendants' motion to dismiss Count V.

*Plaintiffs' Motion for Reconsideration or Certification*

▮ Plaintiffs have moved for us to reconsider our Opinion and Order of July 19, 1973 granting summary judgment for defendants as to Count II and dismissing Counts III and IV. Having examined plaintiffs' motion and memorandum, we see no reason to review our previous decision. Nor do we see any "controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This is especially true now that we have dissolved the class. Almost every case involves the decision of issues before a final determination, which decision may eventually be reversed on appeal, thus perhaps necessitating further litigation. But not every such case fulfills the requirements of § 1292(b). The certification procedure is to be used sparingly. Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3rd Cir. 1958). We do not believe that its use is warranted in this case. We therefore deny plaintiffs' motion for reconsideration or, in the alternative, for certification under 28 U.S.C. § 1292(b).