**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**DEL MONTE DE PUERTO RICO, IN-
CORPORATED, Defendant-Appellant.**

**No. 78–1067.**

United States Court of Appeals,
First Circuit.

Argued Sept. 8, 1978.

Decided Nov. 15, 1978.

Allan J. Topol, Washington, D.C., with whom Covington & Burling, Washington, D.C., Peter B. Ellis, Foley, Hoag & Eliot, Boston, Mass., Charles P. Adams, and Brown, Newsom & Cordova, San Juan, P.R., were on brief, for appellant.

Richard G. Tisch, Atty., Environmental Protection Agency, with whom Julio Morales Sanchez, U. S. Atty., San Juan, P.R., James W. Moorman, Asst. Atty. Gen., Robert L. Klarquist and Charles E. Biblowit, Attys., Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before KUNZIG,* Judge, U.S. Court of Claims, CAMPBELL and BOWNES, Circuit Judges.

KUNZIG, Judge.

This case involves a suit against defendant-appellant Del Monte De Puerto Rico, Incorporated (Del Monte) for alleged violations of certain terms and conditions of a NPDES permit.[1] The United States District Court for the District of Puerto Rico, Judge Hernan G. Pesquera, granted the summary judgment motion of the United States (plaintiff-appellee) as to liability and then, after a hearing, ordered a fine of $125,000. Because there were disputed material issues of fact, the grant of summary judgment was inappropriate. We therefore reverse and remand.

---

* Sitting by designation.

1. The National Pollution Discharge Elimination System (NPDES) permit was issued by the Ad-

ministrator of the Environmental Protection Agency (EPA) and governed the waste water discharges from Del Monte's Mayaguez facility.

Del Monte operated a tuna packing facility in the City of Mayaguez, Puerto Rico.[2] On November 30, 1974, the Environmental Protection Agency (EPA) issued a National Pollution Discharge Elimination System (NPDES) permit to Del Monte. The permit governed Del Monte's discharge of pollutants from its tuna packing processing facility. Similar permits were issued to two other tuna packers located adjacent to Del Monte.

In May 1976, the United States brought suit in the U.S. District Court for the District of Puerto Rico, seeking injunctive relief and a penalty pursuant to 33 U.S.C. § 1319. The Government claimed that Del Monte had violated various conditions of its permit by (1) failing to submit final plans and specifications and failing to commence construction of treatment facilities within the time required by the permit; and (2) failing to file an application for a new permit 180 days before the old permit expired. On September 19, 1977, without an oral hearing, Judge Pesquera granted the Government's motion for summary judgment. Later, following a hearing concerned only with the imposition of a penalty, judgment was entered against defendant Del Monte in the amount of One Hundred Twenty-Five Thousand Dollars ($125,-000). Del Monte now timely appeals to this court. Because the grant of summary judgment was inappropriate, we reverse and remand for further proceedings.

I. The Failure To Submit Final Plans and Specifications and Commence Construction of Treatment Facilities

Condition 11 of the permit established a schedule of compliance which contained the steps Del Monte was required to take towards reducing pollution. These steps included:

(a) the submission of an engineering report to the Environmental Quality Board of Puerto Rico (EQB) by February 28, 1975;

(b) the submission of final plans and specifications for the treatment facilities to EQB by July 31, 1975;

(c) the commencement of construction of treatment facilities by November 30, 1975;

(d) the completion of construction by June 30, 1977; and

(e) the attainment of operational levels by August 31, 1977.

The interim steps, which follow one another in chronological order, help to ensure attainment of the final step—meeting the required effluent limits by August 31, 1977. Condition 11 also required Del Monte to submit a detailed notice of noncompliance to both EQB and the EPA should Del Monte be unable to meet any part of the schedule.

On February 24, 1975, Del Monte submitted a preliminary engineering report. EPA found this submission not adequate and entered an administrative order which required a new engineering report to be submitted by August 13, 1975. This new report was submitted on August 12, 1975. At that time, Del Monte's vice president, W. H. Nichols, made a written request for a meeting with the Regional Administrator to discuss the future steps Del Monte had to take to achieve compliance with the conditions of the permit.

Del Monte does not dispute the fact that it failed to meet the schedule contained in the permit, but instead argues that there are factual issues involved that preclude summary judgment. Del Monte maintains the completion of the final plans and specifications (and the commencement of construction) were dependent upon the approval of the engineering report. It urges vehemently that its vice president W. H. Nichols was prepared to testify concerning Del Monte's belief that EPA had, in actuality, approved a change in the original time schedule. Put in another way, Del Monte argues waiver and claims it was given no opportunity to prove its case. As to the matter of the dependence of the plans and

**2.** Subsequent to the filing of this action, Del Monte sold the Mayaguez facility and the Government withdrew its demand for equitable relief.

specifications upon approval of the engineering report, the District Judge, in his MEMORANDUM AND ORDER, "agreed that a genuine issue of material fact is in controversy."

■ Summary judgment is not to be granted "where there is the slightest doubt" as to a material fact. *Peckham v. Ronrico Corporation*, 171 F.2d 653, 657 (1st Cir. 1948). The presence of genuine issues of fact renders the entry of summary judgment inappropriate. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54 (1976).

■ Under these circumstances the entry of summary judgment cannot be sustained.

II. Failure To File An Application For a New Permit 180 Days Prior To Expiration of Old Permit

Del Monte's permit required the submission of an application for a new permit 180 days prior to the expiration of the old permit. *See* 40 C.F.R. § 125.12(j) (1977). Thus the renewal application, forms, and fees were to be submitted by Del Monte by December 3, 1975. However, Del Monte did not submit an application for a new permit until March 1, 1976, three months after it was due, but three months before the old permit was to expire. The District Judge also granted summary judgment against Del Monte as to liability on this charge.

The $125,000 fine was based on the findings of liability for the failure to submit plans and specifications and commence construction, *and* the failure to apply for a new permit 180 days before the old permit expired. We have decided in Part I that summary judgment was inappropriate as to the former finding and therefore reverse and remand on that issue. Because the two issues are related (and the fine was not apportioned to the two findings as to liability), we believe justice is better served if we also remand on the issue of the late application for the new permit.

Furthermore, Del Monte argues that this requirement was not a condition of the *original* permit, but rather an administrative device to ensure sufficient time to evaluate a new permit application. EPA did accept the admittedly late application. Had EPA not done so, Del Monte would have been faced with the choice of shutting down or operating without a permit. On remand, the District Court should make a factual determination as to (a) what, if any, conditions EPA may have attached to acceptance of the late application, and (b) EPA policy as to similar untimely applications for renewals.

Accordingly, we hold, upon careful consideration of all of the briefs and submissions, and after oral argument, that the entry of summary judgment under these circumstances was inappropriate.[3] The District Court decision is hereby reversed and remanded for further proceedings consistent with this opinion.

*Reversed and Remanded.*

---

**3.** Because we have determined that the grant of summary judgment as to liability was inappropriate, we need not reach Del Monte's contention that a fine of $125,000 for only technical violations was an abuse of the judge's discretion.