In re **AIR VERMONT, INC.** and **North Atlantic Airlines, Inc., Debtors.**

**Bankruptcy Nos. 84–17, 84–19.**

United States Bankruptcy Court, D. Vermont.

Sept. 28, 1984.

Samuel H. Press, Burlington, Vt., for Bank of America Nat. Trust & Savings Ass'n.

Joseph C. Palmisano, Barre, Vt., for debtors.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Bank of America National Trust & Savings Association filed a motion to modify the automatic stay so that it could enforce its security interest in one 1977 Piper Navajo Chieftain aircraft, serial no. 31–77752143, F.A.A. registration no. N27313. An evidentiary hearing has not been held but the matter is before the court on the motion of the Bank, supported by affidavits, for summary judgment against the debtors. The latter have filed a contra affidavit. This court must make a determination as to whether there is a genuine issue as to a material fact. If the court decides in the affirmative a summary judgment may not be granted.

From the records in the case and the pleadings the following facts appear to be established:

Air Vermont, Inc., filed a petition for relief under chapter 11 on January 31, 1984 and its schedules list California Chieftain of Riverside, California as a secured creditor in the sum of $151,000.00 with the security listed as a Piper Chieftain, 31–7752143, Tail No. N27313 with a market value of $150,000.00.

Warren M. Francis, Warren M. Francis, Jr. and James W. Coleman of Riverside, California, members of a partnership known as "California Chieftain," purchased this aircraft from Aviation, Inc. and the bill of sale which evidenced the purchase was filed in the F.A.A. Aircraft Registry on December 2, 1977. These purchasers financed the purchase of the aircraft through the Bank of America National Trust & Savings Association and on October 19, 1977 as security for payment of a promissory note in the sum of $222,000.00 executed and delivered to the Bank a security agreement granting to the Bank a security interest in the aforesaid aircraft together with equipment described as Collins CTM 1.31 Group Avionics; King KN–74; King KA 85; Randome; United encoding Altimeter.

The security agreement was recorded with the Aircraft Registration Branch of the Federal Aviation Administration on December 21, 1977. The balance due under the note and security agreement executed by Warren M. Francis, Warren M. Francis, Jr. and James W. Coleman to the Bank as

of July 2, 1984 was $113,722.96 with interest accruing at the rate of 11:250% per annum from this date and the debtors have been in continuous default on their indebtedness to California Chieftain since December 27, 1983.

The aircraft and equipment had an appraised value of $54,000.00 on April 19, 1984 when it was appraised by Joseph Pass, an official appraiser for the Bank as well as for the Security Pacific Bank and Wells Fargo Bank.

The aforesaid security agreement specifically provides that the borrowers, Warren M. Francis, Warren M. Francis, Jr. and James W. Coleman, would not transfer any right to the property or any part thereof to anyone except the Bank. Yet, on April 27, 1982 California Chieftain, a partnership, did by conditional sales contract signed by the partners, Warren M. Francis, Warren M. Francis, Jr. and James W. Coleman, as seller, sell and transfer the aforesaid 1977 Piper Navajo Chieftain aircraft, together with all accessories and equipment, to the debtor for a total purchase price of $170,-000.00 payable in monthly installments of $3,500.00 beginning April 27, 1982 with payments to continue until the entire principal balance including interest computed at the rate of 13% per annum was paid in full. The conditional sales contract was signed by John E. Porter, President of Air Vermont, Inc. and it recited that the aircraft was presently financed with a loan from Bank of America which was current with the next payment due May 20, 1982. It also stated that the sellers agreed, upon receipt of the monthly payments from Air Vermont, Inc., as buyer, that they would cause the monthly payment which they were obligated to make be made to the Bank of America.

The Bank was not notified of the sale of the aircraft and equipment from California Chieftain, Inc. to Air Vermont, Inc. and it had no notice that there had been a transfer until April of 1984 which was subsequent to the filing of a petition for relief by Air Vermont, Inc. The conditional sales contract between California Chieftain as seller and Air Vermont, Inc. as purchaser has not been recorded in the office of the Administrator of the Federal Aviation Agency.

## DISCUSSION

The Bank seeks relief from stay under § 362(d) of the Bankruptcy Code which provides that the court shall grant such relief for cause, including the lack of adequate protection of an interest in property of a party in interest *or* with respect to a stay of an act against property, if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

■ The Bank has established through the affidavits of Joseph Pass, the appraiser, and of Paul Maldonado, Vice President in the Consumer Loans Office of the Bank, that the value of the aircraft with its equipment is $54,000.00 and that the amount due under its security interest $113,722.96. This establishes lack of equity for the purpose of determining the motion of California Chieftain for summary judgment. The only contra affidavit submitted by the debtor is that of Gene R. Kazlow, Chairman of its Board and Chief Executive Officer. It contains this averment under paragraph 7:

"In addition to the question of being in the airplane business the aircraft involved has a good deal of equity as a result of the $3,500.00 monthly payments we have been making on the plane since its purchase in the spring of 1982."

■ The court views this as a general statement and conclusion which does not satisfy the requirements applicable under Rule 56(e) which provides, in part, that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. In order for the debtor to satisfy these requirements it would have to submit an affidavit in which the affiant would swear that he had examined the aircraft and that it was worth

more than the $113,722.96 plus interest due to the Bank under its security interest. A statement by him of an ultimate fact or conclusion has no legal effect and the court, therefore, disregards this assertion by Kazlow as to equity.

■ The Bank has supported its motion for summary judgment by showing lack of equity. It also ‐has provided statements in its memoranda that the aircraft is not necessary for an effective reorganization. The court is not satisfied that this has been established. In any event the Bank does not have the burden on this issue. In any hearing on a motion for relief the party requesting it has the burden of proof on the issue of the debtor's equity in property and the party opposing such relief has the burden on all other issues. § 362(g). The debtor has failed to submit any facts by way of affidavits showing that the aircraft is necessary for an effective organization or that it can furnish the Bank adequate protection. Up to this point it would appear that the Bank is entitled to summary judgment. However, the debtor has raised an additional issue. It contends that it purchased the aircraft from California Chieftain as a buyer in the ordinary course of business and that as such, under California law which both parties agree apply, it took title free of any security previously created by California Chieftain even though such security interest was perfected and even though it as buyer knows of its existence. Citing California Commercial Code Section 9307; also other cases and authorities.

The court has not reviewed the California law as it applies to this issue but it recognizes that it is a matter that must be addressed. The facts that relate to it are disputed in the respective affidavits submitted by the parties. Warren M. Francis, Jr. swears that the California Chieftain partnership was created for its primary purpose of buying a small aircraft as an investment and then leasing or selling it; that the 1977 Piper Navajo Chieftain, serial number 31–7752143 was the only asset of California Chieftain partnership and that California Chieftain has never bought, sold or leased any other airplane; that he was joint owner with his father of a Lear Jet bought in 1980 sold in 1981 and repossessed, and resold in 1983; that he is also one of seven partners in Aerostar Associates, a general partnership that owns and leases one small airplane bought in 1977.

On the other hand affiant Gene R. Kazlow, in behalf of the debtor, swears that the individual with whom he dealt and from whom he purchased the aircraft was Warren Francis, Jr. a/k/a Mickey Francis who practices dentistry and has two separate offices in two cities; that he is in the business of selling aircraft and at various times has offered for sale to Air Vermont, Inc. a Leer 24 Jet, a Leer 25 Jet and a 601 P (pressurized) Aerostar.

With these two conflicting affidavits a genuine issue has been raised as to whether California Chieftain, the partnership from which the debtor purchased the subject aircraft, was in fact engaged in the business of selling aircraft and whether Air Vermont bought the airplane in the ordinary course of business. Upon the determination of this particular issue the court will then be in a position to decide whether the applicable California law renders the security interest of the Bank invalid as to the debtor even with knowledge of such a security interest.

Under applicable Rule 56(c) of the Federal Rules of Civil Procedure summary judgment shall be rendered only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. In addition, this court recognizes that summary judgment is a drastic remedy and that it should resolve all doubts as to the existence of genuine issues of fact against the moving party. The court will further view all inferences from the facts in a light most favorable to the parties opposing the motion. *Mid-South Grizzlies v. National Football League,* 550 F.Supp. 558 (E.D.Penn.1982); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1964).

As stated in *In re Rineer*, 22 Bankr. 447 (Bankr.N.D.Ill.1982);

> The movant bears the burden of proving that no genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Thus, summary judgment may be denied even where the opposing party offers no evidence, if the movant fails to meet his burden. *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955, 965 (N.D.Ill.1972). Doubts as to the existence of an issue of fact are resolved in favor of the party opposing the motion. If difference inferences and conclusions can reasonable be drawn from the facts offered, summary judgment should be denied. *Harvey v. Great Atlantic and Pacific Tea Co.*, 388 F.2d 123, 124–25 (5th Cir.1968). *See also, In re Chong*, 16 Bankr. 1, 5 (Bankr.Hawaii 1980).

Summary judgment must be denied where there remains the slightest doubt as to any material fact. *United States v. Del Monte De Puerto Rico, Inc.* (1st Cir.1978) 586 F.2d 870, 872.

In the instant case there is considerable doubt and the Bank's motion should be denied.

### ORDER

Upon the foregoing, IT IS ORDERED:

1. The motion of Bank of America National Trust & Savings Association for summary judgment filed July 25, 1984 is DENIED.

2. A pre-hearing conference shall be held at the Bankruptcy Courtroom, Federal Building, Burlington, Vermont on October 5, 1984 at 11:00 A.M. to settle the issues to be tried and to fix a date for trial.