**In re William Andre SHEBEL, Donna Marie Shebel, Debtors.**

**OAKES BROTHERS, INC., Plaintiff,**

**v.**

**William Andre SHEBEL, Donna Marie Shebel, Defendants.**

**Bankruptcy No. 84–00207.**
**Adv. No. 85–0038.**

United States Bankruptcy Court,
D. Vermont.

June 3, 1985.

On Debtors' Motion For Summary Judgment July 29, 1985.

Susan B. Apel, South Royalton, Legal Clinic, Inc., South Royalton, Vt., for debtors-defendants.

Charles W. Collins, for Oakes Bros., Inc., plaintiff.

## MEMORANDUM AND ORDER ON MOTION OF DEBTORS TO DISMISS COMPLAINT

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the Court on the Motion of the Defendants to Dismiss the Complaint of the Plaintiff objecting to the discharge. The Complaint is predicated upon two grounds, as follows: (1) that the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account ... § 727(a)(4) of the Bankruptcy Code; (2) That the debtor, with intent to hinder, delay, or defraud the plaintiff or the trustee of the estate, concealed property of the debtor within one year before the date of filing of the petition ... § 727(a)(2)(A).

The Motion to Dismiss alleges that the Plaintiff has failed to state sufficient facts constituting the fraud relating to the false oath of the debtor and constituting the fraud and concealment of the property of the debtor.

■ The Complaint objecting to the discharge was filed on March 22, 1985, and on April 26, 1985, the Plaintiff filed an Amendment to the Complaint. This Amendment specifically refers to the Statement of Affairs filed by the Debtor and points out the facts which constitute the alleged false oath. Rule 7015 of the Rules for Bankruptcy Procedure makes Rule 15 of the Federal Rules of Civil Procedure applicable in an adversary proceeding. Under Rule 15 a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. The Plaintiff has complied with this Rule and the Court considers the facts alleged in the Amended Complaint sufficient to meet the requirements of pleading with reference to the ground alleged that the Debtor knowingly and fraudulently made false oath. The establishment of this ground is a matter of proof at a hearing on the merits.

■ As to the second ground alleged for objecting to the discharge, under which the plaintiff must establish that it was defrauded by concealment of property of the debtor within one year from the date of the filing of the petition, Rule 7009 makes Rule 9 of the Federal Rules of Civil Procedure applicable. Rule 9 pertains to the pleading of special matters including fraud, and under subparagraph (b) the pleader is required, in all averments of fraud, to allege the circumstances constituting the fraud. In this respect, the Plaintiff alleges a bare concealment or misrepresentation and fails to allege facts constituting the fraud. Therefore, in this respect, the Complaint even as amended fails. However, the Court may properly consider a motion to dismiss a count of a complaint stating a claim for fraud as a motion for a more definite statement. *Seligson v. Plum Tree, Inc.*, 361 F.Supp. 748 (E.D.Pa.1973), *rehearing denied*, 61 F.R.D. 343 (E.D.Pa. 1973).

Since the Amended Complaint lacks an allegation of scienter, rather than dismiss it, the Court shall permit it to amend by furnishing a more definite statement of facts constituting the fraud. Now, therefore, upon the foregoing,

IT IS ORDERED:

1. The Motion to Dismiss the Amended Complaint as it pertains to the alleged false oath is DENIED.

2. The Plaintiff is granted 20 days within which to amend the Complaint by alleging a more definite statement of the alleged fraud relating to the concealment of the property of the debtor within one year before the filing of the Petition for Relief.

3. Upon filing of the proper Amendment, the Complaint as amended will be set for hearing.

## ON DEBTORS' MOTION FOR SUMMARY JUDGMENT

The Court has before it for consideration the Motion of the Debtors filed pursuant to Bankruptcy Rule 7056 and Rule 56 of the Federal Rules of Civil Procedure for Summary Judgment on the Complaint of Oakes Brothers, Inc., objecting to the discharge of the Debtors.

The Complaint of Oakes Brothers, Inc., is predicated on § 727(a)(4)(A) which provides that the Court shall grant the Debtors a discharge unless the Debtors knowingly and fraudulently in or in connection with the case made a false oath or account. In essence the Plaintiff contends that the Debtors obtained a loan from the Farmers Home Administration on December 17, 1984 in the sum of $7,500.00 which was three days before they filed their Petition for Relief on December 20, 1984, which loan was secured by a mortgage on their real estate situated in the Town of Corinth, Vermont.

The Plaintiff further contends that they failed to list this creditor in their schedules and that such failure constitutes a false oath or account knowingly and fraudulently made. It is a requirement that the debtor's schedules of assets and liabilities must be accompanied by a statement that the schedules are "true and correct" to the best of his knowledge and belief. Consequently, he is guilty of a false oath and may be denied a discharge by knowingly and fraudulently omitting the name of a creditor from the schedule. 4 Collier 15th Ed. 727–54 § 727.04.

It necessarily follows that knowingly and fraudulently omitting the name of a creditor involves issues of intent and motive. The pertinent part of the Federal Rules of Civil Procedure which the Debtors seek to invoke provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The court recognizes that summary judgment is a drastic remedy and that it should resolve all doubts as to the existence of genuine issues of fact against the moving party. The court will further view all inferences from the facts in a light most favorable to the parties opposing the motion. *Mid-South Grizzlies v. National Football League* (E.D.Pa.1982), 550 F.Supp. 558; *United States v. Diebold* (1962), 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176.

As stated in *In re Rineer* (Bankr.N.D.Ill. 1982) 22 B.R. 447;

The movant bears the burden of proving that no genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Thus, summary judgment may be denied even where the opposing party offers no evidence, if the movant fails to meet his burden. *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955, 965 (N.D.Ill.1972). Doubts as to the existence of an issue of fact are resolved in favor of the party opposing the motion. If different inferences and conclusions can reasonably be drawn from the facts offered, summary judgment should be denied. *Harvey v. Great Atlantic and Pacific Tea Co.*, 388 F.2d 123, 124–25 (5th Cir.1968). See also, *In re Chong*, 16 B.R. 1, 5 (Bkrtcy.Hawaii 1980).

Summary judgment must be denied where there remains the slightest doubt as to any material fact. *United States v. Del*

*Monte De Puerto Rico, Inc.* (1st Cir.1978) 586 F.2d 870, 872. *In Re Air Vermont, Inc.* (Bankr.D.Vt.1984) 43 B.R. 244.

See *In Re Air Vermont, Inc.* (Bankr.D. Vt.1984) 44 B.R. 446, 449.

The Debtors' motion is supported by an affidavit by Susan B. Apel, Esquire, the Attorney for the Debtors, in which she recites the chronological events relating to the filing of the Petition for Relief and the approval of the loan from the Farmers Home Administration. She then attempts to offer an explanation for the failure to list Farmers Home Administration as a creditor.

The affidavit does not dispose of the issue raised in the Plaintiff's complaint. It does not address intent and motive which relate to the knowledge and fraud required in establishing the false oath alleged by the Plaintiff.

Where questions of motive and intent are involved, such as in the instant case to establish fraud as part of the false oath, summary judgment is not appropriate. *Welt v. Koehring Co.,* 482 F.Supp. 437 (N.D.Ill.1979); *Skouras Theaters Corp. v. Radio Keith—Orpheum Corp.,* 58 F.R.D. 357 (D.C.N.Y.1973); *In Re D'Avignon* (Bankr.D.Vt.1982) 25 B.R. 838, 843–844.

■ In sum, the Movants have failed to sustain the burden of proving that there is no issue of a material fact.

### ORDER

Now, therefore, upon the foregoing:

IT IS ORDERED that the Motion of the Debtors for Summary Judgment filed June 26, 1985 is hereby DENIED.